IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALFRED WILLIAM LASURE, )<br>               )<br>     Plaintiff, )<br>               )<br>v.              )<br>               )<br>ADELL DOBY, Sheriff; POLLY HALL, )<br>Lieutenant; LT. JAGGERS; )<br>CPL. FLORIDA, )<br>               )<br>               )<br>     Defendants. )<br>_____)| CIVIL ACTION NO. 0:06-1527-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was incarcerated at the Edgefield County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 11, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 13, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response.[1] Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff filed a memorandum in opposition to the Defendants' motion on October

---

[1]A second Roseboro order was mailed October 25, 2006 after the initial Roseboro order was returned undelivered.



24, 2006. Defendants' motion is now before the Court for disposition.[2]

### **Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that some of his personal property was "destroy[ed]" by "this county detention center", specifically identifying a watch and a billfold which contained such items as a driver's licence and social security card. Plaintiff also complains that there is no sprinkler system in the jail, no fire extinguisher close to the cell wings, and no fire escape plan. Plaintiff also complains that there are no recreational fields, and that there are instead only "18 foot by 10 foot between the wings of the jail." Plaintiff further alleges that if you need to go to the bathroom you have to go back to your room because there is no place to use the restroom during recreation, meaning that you would "[forfeit] your rec. time....".

Plaintiff alleges that there is mold and mildew on the shower walls and that it smells in the showers, that there is mold and mildew in the prison cells, that the medical staff lacks proper training and suffers from inadequate staffing, and that the jail has an improper classification system which resulted in his being unable to make "trustee" status. Finally, Plaintiff complains that if you are placed in maximum security, you do not "know why or how long you will be" there. Plaintiff seeks certain declaratory and/or injunctive relief, as well as monetary damages.

Attached to Plaintiff's Complaints are numerous grievance forms with responses from

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



jail administration; a copy of a memorandum relating to personal belongings of inmates, setting forth the procedure for having personal belongings picked up and further providing that any items left for more than two weeks without being picked up will be destroyed; and some handwritten papers detailing further complaints about the conditions and policies at the Detention Center.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Polly Hall, who attests that she is a lieutenant employed by the Edgefield County Sheriff's Department and assigned to the Edgefield Detention Center. Hall has attached numerous documents to her affidavit, which she attests are true and accurate copies maintained by the Edgefield County Detention Center during the normal course of business. Hall attests that Plaintiff was originally housed at the Detention Center in 2000 while awaiting trial on charges of committing a lewd act upon a minor, and was subsequently transported to the South Carolina Department of Corrections after entering a guilty plea. Hall attests that the Department of Corrections does not allow prisoners to transfer personal belongings with them, and that Plaintiff was notified he would need to arrange to have someone retrieve his personal belongings since personal belongings are not maintained at the Detention Center once a prisoner has been moved. A form was given to the Plaintiff on March 3, 2000, and Plaintiff filled out the form naming someone who could retrieve his property. This form provided, inter alia, that Plaintiff's personal property would be destroyed if it was not retrieved within two weeks. See Hall Affidavit Exhibit G. Hall further attests that Plaintiff's property was actually maintained for three months thereafter, but was finally destroyed on June 10, 2000 after no one ever came to retrieve it.

Hall attests that Plaintiff was returned to the Edgefield County Detention Center in December 2005 to await trial under the South Carolina Sexually Violent Predator's Act. Hall attests

3



that during this period of incarceration, Plaintiff filed numerous complaints and grievances about a variety of subjects, many of which contained profanity and racist remarks. Hall attests that Plaintiff also had numerous problems with African-American inmates, which necessitated his being segregated from the rest of the population for his own protection.

Hall attests that there are no outdoor restroom facilities at the Detention Center and that if a detainee is outside during recreational time and needs to use the restroom, he must return to the cell area. Hall attests that the Detention Center does not have the resources to continuously shuttle inmates in and out of the cell areas during recreation time, that inmates are advised to use the restroom prior to going on recreation, and that if inmates are returned to the cell block to use the restroom, they must remain there for the remainder of the recreational time.

Hall attests that Plaintiff has a long history of past crimes and convictions, as well as the stated problems interacting with African-American inmates, and that his classification therefore did not allow him to serve as a trustee. Hall attests that the Detention Center's classification system is based upon a detainee's history, including history for convictions, as well as any current charges pending against them, and is used to assess the security risks posed by a detainee. Under this system, a few inmates are selected to serve as trustees, who have some freedom of movement throughout the facility and other responsibilities and privileges. Hall attests that Plaintiff's history did not allow him to be classified as a trustee.

Finally, Hall attests that all aspects of the Edgefield County Detention Center are in compliance with the minimum standards for local detention facilities in South Carolina as promulgated by the South Carolina Department of Corrections. See generally, Hall Affidavit, with attached Exhibits (A-O).

4



The Defendant Jaggers has also submitted an affidavit wherein she attests that she is a lieutenant with the Edgefield County Sheriff's Department, assigned to the Edgefield Detention Center. Jaggers attests that Plaintiff was originally housed at the Detention Center while he awaited trial on charges of committing a lewd act upon a minor, and was thereafter transported to the South Carolina Department of Corrections after he entered a guilty plea. Jaggers attests that Plaintiff was notified that his personal belongings could not be transferred to the Department of Corrections and that he would need to arrange to have someone retrieve his belongings, and that Plaintiff filled out a form on March 3, 2000 naming someone who could retrieve his property. That form specifically placed Plaintiff on notice that his property would be destroyed if it was not retrieved within two weeks, and Jaggers attests that when Plaintiff's property had still not been retrieved after three months, it was destroyed on June 10, 2000. Jaggers further attests to the same additional set of facts as were set forth by Hall in her affidavit. See generally, Jaggers Affidavit. The Defendant Florida, a corporal with the Edgefield County Sheriff's Department assigned to the Detention Center, has also submitted an affidavit attesting to these same facts. See generally, Florida Affidavit.

Finally, the Defendant Doby has submitted an affidavit wherein he attests that he is the Sheriff of Edgefield County, and as such is charged with the administration, operation, control, and policy making for the Edgefield County Detention Center. Doby attests that he is in charge of the individual staff members at the Detention Center, including all hiring and firing decisions. Doby further attests that all aspects of the Detention Center are in compliance with the minimum standards for local detention facilities in South Carolina, as promulgated by the South Carolina Department of Corrections. See generally, Doby Affidavit.

In his response memorandum, Plaintiff argues that the Defendants' exhibits support



his claims, arguing that these exhibits do not dispute that "there is no fire sprinklers, breathing tanks, no fire escape plan known to this Plaintiff, no full-time nursing or doctor staff, and the showers are coated in mold & mildew." Plaintiff further argues that, in their evidence, Defendants "admit disposing of Plaintiff's personal property without a court order to do so....".

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

As an initial matter, it is readily apparent from the docket as well as other filings in this case that, since the filing of this action, Plaintiff has been released from the Edgefield County Detention Center and is no longer an inmate at that facility. Therefore, Plaintiff's request for injunctive and/or declaratory relief in this case is moot. See Williams v. Griffin, 952 F.2d 820, 823



(4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983). Plaintiff's request for injunctive and/or declaratory relief should be dismissed.

## II.

With respect to Plaintiff's claim for monetary damages, this claim survives Plaintiff's transfer to another institution. Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). Further, the named Defendants are all subject to suit under § 1983 for damages in their individual capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). However, even though these Defendants are subject to suit for damages, Plaintiff has failed to present evidence sufficient to give rise to a genuine issue of fact as to whether his constitutional rights have been violated by any of these Defendants, and they are therefore entitled to summary judgment in this case.

During the time period at issue, Plaintiff was being held for a determination of whether he was a sexually violent predator as defined by the South Carolina Sexually Violent Predator's Act (SVPA). See S.C.Code Ann. § 44-48-60, et. seq.; see also Hall Affidavit, Exhibit F.[4]

---

[4]Plaintiff had previously been convicted of the charge of committing a lewd act upon a minor, and had maxed out his sentence. See Hall Affidavit, Exhibits A & G.



Therefore, Plaintiff's custody status during the time period at issue would appear to most closely resemble that of a pretrial detainee. *Cf.* Larch v. Gintoli, 04-1962, 2006 WL 895019, **3-4 (D.S.C. March 31, 2006); see also McLam v. Chavez, No. 05-1765, 2006 WL 1663797, *2 (D.S.C. June 8, 2006); S.C.Code Ann. § 44-48-80(D), as amended. Hence, Plaintiff's conditions of confinement while incarcerated at the Edgefield County Detention Center are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979).

Under the due process clause, a detainee may not be "punished" prior to an adjudication of guilt in accordance with due process of law. Id. However, the mere fact that a detainee may be held in uncomfortable surroundings does not constitute "punishment" for purposes of a § 1983 claim, and after review of the evidence and arguments presented to this Court, the undersigned finds and concludes that the evidence is not sufficient to give rise to a genuine issue of fact as to whether Plaintiff was subjected to "punishment" in violation of the Constitution. During the time period set forth in the Complaint, Plaintiff was being held in a county jail facility, not a hotel. It should be expected that conditions in such a setting are often times less than ideal. Lunsford v. Bennett, 17 F.3d 1574, 1581 (7th Cir. 1994); Hadley v. Peters, No. 94-1207, 1995 WL 675990 *8 (7th Cir. 1995), cert. denied, 116 S.Ct. 1333 (1996) ["prisons are not required to provide and prisoners cannot expect the services of a good hotel."] (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)). The question is whether the evidence presented to the Court is sufficient to create a genuine issue of fact as to whether Plaintiff was denied the minimal civilized measure of life's necessities, or whether any named Defendant engaged in any conduct "for the very purpose of causing harm or with the knowledge that harm [would] result." Farmer v. Brennan, 114 S.Ct. 1970, 1978-1979 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991); see Martin v. Gentile, 849 F.2d 863,

8



870 (4th Cir. 1988) [holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections]. Plaintiff has presented no such evidence.

All Plaintiff alleges in his verified Complaint is that his personal property was destroyed (which is undisputed), that there is no fire sprinkler system in the jail (which also appears to be undisputed), that there are no restroom facilities provided in the recreation areas (again, undisputed), and that he was not allowed to be a trustee (undisputed), along with various other general and conclusory statements about the quality of the medical care and recreation areas at the jail. In a separate filing of June 8, 2006, Plaintiff also complains about the adequacy of the legal assistance he received while at the Detention Center. None of these allegations, or the evidence that has been submitted, establish a material fact of a constitutional violation.

First, Plaintiff's claim about his property does not amount to a constitutional claim because he has available state court remedies to pursue this claim. See S.C.Code Ann. § 15-69-10, et. seq.. Because South Carolina has an adequate post-deprivation remedy for an alleged deprivation of property, Plaintiff's due process rights were not violated, even if it is assumed that one or more of the Defendants played a role in the destruction of his personal property. Hudson v. Palmer, 468 U.S. 517-518 (1984); Hunnicutt v. Md.Dept of Corrections, No. 04-2073, 2005 WL 3877406, * 3 (D.Md. January 19, 2005) [Finding that where property had been destroyed pursuant to prison policy, inmate's redress was through state tort law]; Calhoun-el v. Kavanagh, No. 03-4, 2003 WL 24125791, *4 (D.Md. Sept. 12, 2003) [Finding in case where inmate's property was destroyed pursuant to prison policy, that it was "well settled law...that the Due Process clause only requires the availability of an adequate post-deprivation remedy"]; McIntyre v. Portee, 784 F.2d 566-567 (4th Cir. 1986); see also Ricci v. Paolino, No. 91-1994, 1992 WL 63521 at **2 - **3 (1st Cir. April 1992). *Cf.* Longmoor v.

9



Nilsen, 329 F.Supp.2d 289 (D.Conn. July 23, 2004) ; Bigbee v. United States, 359 F.Supp.2d 806, 809-810 (W.D.Wis. Mar. 15, 2005); Wagner v. Higgins, 754 F.2d 186, 192 (6th Cir. 1985) [since plaintiff had a state law claim, there was no § 1983 claim where property allegedly retained as evidence was allegedly lost]; Meyer v. Miro, No. 01-4260, 2003 WL 23198856 (D.S.C. 2003) (citing Yates v. Jamison, 782 F.2d 1182 (4th Cir. 1986)).

With respect to Plaintiff's desire to be a trustee, he has no constitutional right to that custody status or classification. Cuffee-Smith v. Shipley, 65 Fed.Appx. 912, 913 (4th Cir. 2003) (unpublished) [Finding that Plaintiff "has no constitutional right to inmate trustee status."]; Rosson v. Weatherholtz, 405 F.Supp. 48, 49-50 (W.D.Va. 1975); see also Inmates, Washington Co. Jail v. England, 516 F.Supp. 132, 141 (E.D.Tenn. 1980). *Cf.* Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) ["[A] prisoner does not have a constitutional right to be housed at a particular institution,..., [or] to receive a particular security classification...."]; Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ["[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."]. Defendants have presented evidence which shows a legitimate, penalogical interest in Plaintiff's classification decision, and the undersigned can discern no constitutional violation in this evidence.

The remainder of Plaintiff's allegations are so general and conclusory and lacking in any specific facts or supporting documentation or evidence, that they are simply not sufficient to maintain a claim by the Plaintiff for violations of his constitutional rights. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. See Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v.

10



Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Conversely, the Defendants have submitted sworn affidavits stating that the Detention Center is in compliance with the minimum standards for local detention facilities in South Carolina as promulgated by the South Carolina Department of Corrections, and have also submitted documentary evidence reflecting Detention Center guidelines and policies, including documentation that the inmate diet meets or exceeds the minimum requirements of the American Dietetic Association as well as numerous exhibits showing that Plaintiff was routinely provided with copies of legal materials when requested, although he did not always receive everything he wanted. See Hall Affidavit Exhibits G & 0.

None of the exhibits provided by the Defendants, or even by the Plaintiff, support a finding of a constitutional violation with respect to any of Plaintiff's complaints; rather, they simply reflect Plaintiff's dissatisfaction with the conditions of his confinement. Plaintiff has also failed to present evidence of any injury he suffered as a result of the conditions of his confinement. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; Magee, 810 F.2d at 452 ["[C]ourts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained."]. See 42 U.S.C. § 1997e(e) ["no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury"] Plaintiff's failure to provide any probative or material evidence in support of his claims is fatal to his case. House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim]; Barr v.



Williamsburg County, No. 06-3577, 2007 WL 666793 at *3 (D.S.C. Feb. 27, 2007) ["[C]ounty jails and county detention centers are not required to have law libraries."] (citing Magee, 810 F.2d at 452); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; Farmer v. Brennen, 511 U.S. 825, 837 (1994) [defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".]; Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; cf. Wilson v. Cook County Bd. of Commissioners, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee failed to establish that overcrowding, inadequate staffing, inadequate opportunity for exercise, and inadequate grievance procedures in detention facility violated detainee's due process rights, as detainee failed to allege remedial injury]; Strickler v. Waters, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993); Shango v. Jurich, 965 F.2d 289, 293 (7th Cir. 1992); Landfair v. Sheahan, 911 F.Supp. 323, 325-326 (N.D.Ill. 1995) [pretrial detainee who alleged that due to overcrowding, he was forced to sleep on floor, and contracted meningitis, failed to state a claim because he did not set forth specific facts showing that he actually had meningitis]; Chavis v. Fairman, No. 94-1503, 1995 WL 156599 at * 5-6 (7th Cir. Apr. 6, 1995) ["generally, even dramatic restrictions on outdoor exercise do not violate [the due process clause] so long as prisoners have ample opportunity to enjoy indoor activity"]; see Bell, 441 U.S. at 535 [limited length of detainee's stay in facility may be considered in determining constitutionality of conditions of restrictions]; Beverati v. Smith, 120 F.3d 500, 504 & n. 4 (4th Cir. 1997); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) [dismissal of access to court claim

12



proper where inmate relied on conclusory allegations and failed to identify any actual injury]. These claims should therefore be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 2, 2007



13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

