IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

ALFRED WILLIAM LASURE,                    )       Civil Action No.: 0:06-cv-1527-RBH
                                          )
          Plaintiffs,                     )
                                          )
v.                                        )       **ORDER**
                                          )
ADELL DOBY, Sheriff; POLLY HALL,          )
Lieutenant; LT. JAGGERS;                  )
CPL. FLORIDA;                             )
                                          )
          Defendants.                     )
_____ )

    Plaintiff, proceeding *pro se*, brought this action under 28 U.S.C. § 1983 seeking monetary damages and injunctive relief.  Plaintiff, who is no longer incarcerated at the Edgefield County Detention Center ("Edgefield"), alleges constitutional violations arising from the conditions of his confinement at Edgefield.[1]

    This matter comes before the court with the Report and Recommendation [Docket Entry #49] of Magistrate Judge Bristow Marchant in which he recommended the Defendants' [Docket Entry #36] motion for summary judgment be granted and this case be dismissed.  On April 12, 2007, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

<u>**Standard of Review**</u>

    The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de*

---

[1] Plaintiff is currently committed to the Behavior Disorders Treatment Program operated by the South Carolina Department of Mental Health for persons designated as sexual predators under South Carolina law.

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge concluded that because the Plaintiff is no longer incarcerated at Edgefield, his claims for injunctive relief are moot. With regard to Plaintiff's claim for monetary damages, the Magistrate Judge found that even though Plaintiff's claim for monetary damages survived his transfer to another facility, the Plaintiff failed to present evidence sufficient to create a genuine issue of material fact as to whether his constitutional rights were violated by any of the Defendants. The Magistrate Judge further found that the Plaintiff had not suffered any injuries sufficient to establish a claim under § 1983.

Plaintiff's objections are, for the most part, incomprehensible. Even construing Plaintiff's objections liberally, the court can discern no specific objections that merit discussion. Plaintiff's objections consist of mere conclusory statements which fail to raise a genuine issue of material fact as to whether he suffered any injury or damage or whether any alleged constitutional violations occurred. Plaintiff has failed to present evidence of any injury

2

or damage sufficient to establish a constitutional claim. Plaintiff does appear to argue in his objections that even though he is no longer incarcerated at Edgefield, his claims are not moot because he may be confined there at some point in the future. To the extent Plaintiff is seeking injunctive relief for injuries or damages he may sustain in the future if he is returned to Edgefield, his claim for injunctive relief is not ripe because any future injury he may suffer if he is returned to Edgefield is purely conjectural. *See Anderson v. Green*, 513 U.S. 557, 559 (1995) (holding case not ripe because any future injury was purely conjectural).

Having reviewed the record and applicable law, the court agrees with the Report and Recommendation of the Magistrate Judge.

### Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Defendants' [Docket Entry #36] motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

May 8, 2007                                                    s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                              United States District Judge

3